956 F.2d 276
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In the Matter of Gerald Lee WALKER, Esq.
Gerald Lee Walker, Esq., Admitted To the Bar of the Ninth
Circuit: January 1, 1973, Respondent-Appellant.
 
 Nos. 90-80216, 91-15616, 91-15617.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1992.
Decided Feb. 28, 1992.
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Following his disbarment in the state of California for abandoning his practice and misappropriating funds from a client trust account, Gerald Lee Walker was ordered to show cause why he should not be disbarred from practice before this court. This proceeding was consolidated with Walker's appeals from orders of disbarment from the Northern and Eastern Districts of California. In re Gerald Lee Walker, Nos. 90-80216, 91-15616, 91-15617 (9th Cir. October 11, 1991) (order granting hearing and consolidating cases).
 
 
 3
 An attorney disbarred from practice in any other court of record is subject to suspension or disbarment by this court. F.R.A.P. 46(b). However,
 
 
 4
 [a] determination of disbarment by a state court is not conclusively binding on the federal courts. Theard v. United States, 354 U.S. 278 (1956). Nevertheless, the state court determination is entitled to great deference and recognition absent the following conditions: (1) the state procedure did not provide adequate notice and an opportunity to be heard; (2) the proof of facts establishing the "want of fair private and professional character" were so infirm that the court should not accept the state court's decision; or (3) some other grave reason existed that should prevent the court from recognizing the state court's determination. Selling v. Radford, 243 U.S. 46 (1916).
 
 
 5
 In re Rosenthal, 854 F.2d 1188, 1189 (9th Cir.1988). Federal courts do not engage in collateral review of state court fact findings. Id.
 
 
 6
 We have reviewed the record of the state court disbarment proceeding (including three volumes of reporter's transcripts), the opinion of the California Supreme Court affirming Walker's disbarment, the disbarment orders of the district courts, the various papers filed by Walker, and heard argument from Walker's counsel. None of the Rosenthal factors that might cast doubt on the state court disbarment proceeding are present here.
 
 
 7
 First, Walker claims that the California disbarment proceedings denied him an adequate opportunity to be heard because his appointed counsel performed deficiently. As the California Supreme Court explained, due process at an administrative proceeding like disbarment does not require representation by counsel. Walker v. State Bar of California, 264 Cal.Rptr. 825, 829-30 (Cal.1989). Walker's current counsel argues that a right to competent counsel nonetheless attached because Walker's competence was in question at the time of the disbarment proceeding. This position is not supported by case law. As a general matter, the right to counsel exists only where a litigant may lose physical liberty as a result of the litigation. Lassiter v. Department of Social Services, 452 U.S. 18, 25 (1981).
 
 
 8
 Even if we were to recognize a right to counsel, the record indicates that Walker's counsel for the California disbarment proceeding was competent. He called eleven witnesses to the stand (including Walker himself), adequately cross-examined opposing witnesses, and made timely objections where appropriate. Counsel's actions were within "the wide range of professionally competent assistance" found adequate in Strickland v. Washington, 466 U.S. 668, 669 (1984).
 
 
 9
 Second, the facts as summarized in the California Supreme Court decision, taken from findings in the administrative proceedings, are sufficient to support disbarment. Walker, 264 Cal.Rptr. at 826-828.
 
 
 10
 Third, Walker argues that the California state bar abridged his First Amendment rights by conditioning a five-year suspension in lieu of disbarment on his submission to psychological treatment, which his religion forbids. We do not question the sincerity of Walker's religious beliefs. However, the state has a legitimate interest in assuring the public that members of the bar are psychologically stable. In light of Walker's history of psychological problems, counseling and testing to assure this stability are appropriate prerequisites to restoration of Walker's license. This requirement does not unduly infringe Walker's right to freedom of religion. It is no more intrusive than is necessary to protect the public. Walker has shown no "grave reason" not to recognize the decision of the California court.
 
 
 11
 Gerald Lee Walker is hereby disbarred from the practice of law before this court. The orders of the district courts for the Northern and Eastern Districts of California disbarring him from practice before those courts are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3